UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:20-CV-849-RGJ

JEANNIE NOE     Plaintiff

v.

JAMES E. BRUCE     Defendant

\* \* \* \* \*

## **MEMORANDUM OPINION AND ORDER**

Defendant James E. Bruce's moves to dismiss Plaintiff Jeannie Noe's complaint. [DE 6]. The matter is ripe. [DE 7; DE 8]. For the reasons below, Defendant's Motion to Dismiss Plaintiff's Complaint [DE 6] is **DENIED**.

### I.     **BACKGROUND**

In August 2018, Plaintiff entered into a precomputed personal loan with Regency Finance Company ("Regency"). [DE 1 at 2]. According to the Loan Note and Truth-in-Lending Disclosure Statement ("Loan Note"), Plaintiff's loan totaled $1.987.56, which represents $1,183.79 of the "amount financed" plus a precomputed "finance charge" of $803.77 based on an annual percentage rate of 37.459%. *Id.*

In March 2019, Mariner Finance, LLC ("Mariner") acquired Regency. *Id.* In December 2019, Defendant, on behalf of Mariner, filed a collection complaint against Plaintiff in Jefferson County District Court. *Id.* When Plaintiff failed to respond to the suit, Defendant moved for entry of default judgment. In his default judgment motion, Defendant stated in relevant part:

> Based on the affirmation attached to the complaint filed in this action, the Plaintiff moves the Court for an entry of default judgment against the Defendant, JEANNIE NOE, plus costs, together with interest that accrues at the rate of 36.0000% set forth in the note.

1

*Id.* at 3.

In March 2020, the Jefferson County District Court granted default judgment (the "Default Judgment") against Plaintiff for "$983.35, plus interest that accrues after 12/17/2019, at the rate set 36.0000% per annum." *Id.* at 5.

Plaintiff then successfully moved the court to amend the Default Judgment. *Id.* In the Order and Amended Judgment, the court found that the Default Judgment's award of "interest in the amount of 36.00% per annum" is not "supported by the pleadings filed by Mariner in this case." *Id.* As a result, the court awarded Mariner the "principal sum of $983.35 with no prejudgment or post-judgment interest, plus court costs." *Id.*

In December 2020, Plaintiff filed suit in this Court asserting against Defendant violations of the Fair Debt Collection Practices Act ("FDCPA"). [DE 1]. Plaintiff alleges that Defendant violated the FDCPA by: 1) "misrepresenting the character and status of the [Note] by falsely claiming in the collection complaint he drafted and filed against [her] and in the motion for default judgment"; 2) "misrepresenting and grossly overstating the amount due in the motion for default judgment"; and 3) "collecting usurious interest from [her] on behalf of Mariner that neither he nor Mariner had any legal or contractual right to collect from [her], which violations each created a material risk of harm to the interests recognized by Congress in enacting the FDCPA." *Id.* at 5-6. Defendant now moves to dismiss Plaintiff's complaint. [DE 6].

## II.  STANDARD

Federal Rule of Civil Procedure 12(b)(6) instructs that a court must dismiss a complaint if the complaint "fail[s] to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). To properly state a claim, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). When considering a motion

2

to dismiss, courts must presume all factual allegations in the complaint to be true and make all reasonable inferences in favor of the non-moving party. *Total Benefits Plan. Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citation omitted). "But the district court need not accept a bare assertion of legal conclusions." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citation omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

To survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "A complaint will be dismissed . . . if no law supports the claims made, if the facts alleged are insufficient to state a claim, or if the face of the complaint presents an insurmountable bar to relief." *Southfield Educ. Ass'n v. Southfield Bd. of Educ.*, 570 F. App'x 485, 487 (6th Cir. 2014) (citing *Twombly*, 550 U.S. at 561–64).

### III. DISCUSSION

**A. Justifiable Legal Position**

Defendant first argues that Plaintiff's claims fail as a matter of law because:

> This is a scenario where Mr. Bruce has made no factual misrepresentations, he simply filed a collection complaint in Kentucky state court requesting relief utilizing a justifiable legal position with which Ms. Noe and her counsel disagree. Courts across the country, including the United States Supreme Court and the Sixth Circuit, agree that such conduct is not actionable under the FDCPA and Ms. Noe's Complaint must be dismissed with prejudice.

[DE 6 at 48-49].

Defendant states that his "justifiable legal position" is that "that the [Loan Note] at issue authorized the conversion of the precomputed interest loan to a simple interest loan." *Id.* at 51. Plaintiff concedes that under Kentucky law a "consumer loan company may, after default, convert a pre-computed loan into a simple-interest loan." [DE 1 at 3]. But Plaintiff asserts that to do so "the consumer loan company has to comply with several conditions," none of which are met in this case. [*Id.* (citing KRS 286.4-530(7-8)].

KRS § 286.4-530 provides:

(7) If two (2) or more full installments are in default for one (1) full month or more at any installment date and if the contract so provides, the licensee may reduce the contract balance by the refund or credit which would be required for prepayment in full on such installment date. Thereafter, in lieu of charging, collecting, or receiving charges as provided in subsections (1) to (6) inclusive of this section, charges may be charged, collected, and received as provided by subsection (8) of this section until the contract is fully paid.

(8) In lieu of computing and collecting charges as provided in subsections (1) to (6) inclusive of this section, a licensee may contract for, collect, and receive on loans of fifteen thousand dollars ($15,000) or less charges as permitted in subsection (1) of this section computed on the unpaid principal balance of the loan from time to time outstanding. Such charges shall not be paid, deducted, received in advance, or compounded but shall be computed, collected, and received only on unpaid principal balances for the time actually outstanding. The definition of a month and of a day in subsection (2) of this section shall apply for the purposes of such computations.

KRS § 286.4-530 permits Defendant to convert a precomputed loan into a simple interest loan in certain circumstances. But, whether those circumstances existed in this case and whether Defendant had an objective basis for representing that it could recover simple-interest pose questions of fact inappropriate for resolution on a motion to dismiss. *See Van Hoven v. Buckles & Buckles, P.L.C.*, 947 F.3d 889, 896 (6th Cir. 2020) ("Legal contentions must be objectively baseless, not just later proved wrong, to be actionable under the Act"); *Stratton v. Portfolio Recovery Assocs., LLC*, 770 F.3d 443, 451 (6th Cir. 2014), *as amended* (Dec. 11, 2014) (reversing

4

district court's grant of motion to dismiss because "it is clear that Stratton has alleged a number of plausible FDCPA violations.  Because PRA does not have the right to collect interest on Stratton's debt, PRA's allegation to the contrary is a 'false representation' of the 'character' and 'amount' of Stratton's debt.  PRA's state court suit is an 'attempt' to collect an 'amount'—$2,630.95 plus 8% interest—that is neither 'expressly authorized' by any agreement in the record nor 'permitted by law'") (internal citations omitted); *see also Hawksley v. Weltman, Weinberg & Reis Co., P.S.C.*, No. 3:16-CV-00205-TBR, 2017 WL 63033, at *6 (W.D. Ky. Jan. 5, 2017) ("[I]f a debt collector seeks fees to which it is not entitled, it has committed a prima facie violation of the Act, even if there was no clear prior judicial statement that it was not entitled to collect the fees.  Thus, WWR's subjective knowledge or belief regarding the lien recording fee's recoverability is irrelevant in determining whether Hawksley has plausibly alleged a violation of the FDCPA") (internal quotation marks and citation omitted).

**B. Standing**

Defendant next asserts that Plaintiff's Complaint must be dismissed because Plaintiff lacks Article III standing.  [DE 6 at 54].   Defendant argues that "any alleged injury was caused by the fact that the Jefferson District Court accepted the justifiable legal position asserted by Mr. Bruce on behalf of his client, not by Mr. Bruce's request for interest in the Collection Complaint or the Motion for Default Judgment."  *Id.*  Plaintiff disagrees:

> Does Ms. Noe have Article III standing arising out of Mr. Bruce's violation of the FDCPA by making false factual allegations in the motion for default as to the stated rate of interest in the Regency Note?  Clearly, she does. Mr. Bruce's violations of the FDCPA created actual harm and damages to Ms. Noe in the form of entry of a default judgment.  The default judgment awarded Mariner 36.00% per annum on a principal sum of $983.35, which is approximately 97¢ a day or $354.01 a year.  The default judgment allowed Mariner to garnish Ms. Noe's pay and bank account for recovery of the principal amount of the debt *plus* accrued interest to date and/or place a judgment lien on any and all property owned by Ms. Noe for principal plus

5

> interest. The false and inflated default judgment arose directly out of and from Mr. Bruce's false factual representations to the Jefferson District Court.

[DE 7 at 140-41 (emphasis in original)].

Standing has three components: "The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). Defendant's argument focuses on the second component. [DE 6 at 56-58; DE 8 at 175-79].

> Plaintiff alleges:
>
> 10. On or about December 20, 2019, Defendant James E. Bruce ("Bruce"), on Mariner's behalf, filed a collection action against Ms. Noe in the Jefferson District Court under case number 19-C-032944 (the "State Collection Lawsuit") in an attempt to collect alleged amounts due and owing on the Regency Note.
>
> 11. On March 6, 2020, Mr. Bruce, on Mariner's behalf, moved for default judgment against Ms. Noe (the "Motion for Default"). A true and accurate copy of the Motion for Default is attached as Exhibit "B."
>
> 12. In the Motion for Default, Mr. Bruce falsely represented that the Regency Note was subject to a contract rate of interest of 36.00% per annum . . .
>
> . . .
>
> 16. The Regency Note does not have a contract provision that conforms with the statutory language of KRS 286.4-530(7). This requires language substantially similar to this:
>
> If two or more full installments are in default for one full month or more at any installment due date, at our option, we may reduce the unpaid Account Balance by crediting thereto that portion of precomputed charges which would be refunded for prepayment in full on such installment due date and thereafter interest applied to the remaining unpaid balance at the Interest Rate until the note is paid in full.
>
> 17. The Regency Note does not have any provision like the above or that in any way echoes the statutory language of KRS 286.4-530(7). Rather, the Regency Note provides:
>
> If Borrower is in default, the entire outstanding balance on this Note shall be immediately due, including accrued charges if precomputed at the option of the Lender. This will happen without any prior notice to Borrower, or right to cure,

> except as required by law.  Lender will have such additional rights and remedies as set forth in any mortgage or security agreement securing this Note.
>
> 18. The above default provision from the Regency Note does not give Mariner or Bruce the right to apply a contract rate of interest to remaining unpaid balance of the loan after crediting the unearned finance charges. Just as importantly, the Regency Note does not provide for accruing interest at the simple interest rate of 36.00% or at any rate.  Therefore, because the Regency Note does not provide for conversion on the Regency Note to an interest-bearing note, neither Regency nor Mariner has any right to charge or collect a contract rate interest of 36.00% per annum from Ms. Noe.
>
> 19. Based on Mr. Bruce's false representations, the Jefferson District Court granted default judgment to Mariner on March 9, 2020 (the "Default Judgment").
>
> . . .
>
> 22. Mr. Bruce violated the FDCPA by (i) misrepresenting the character and status of the Regency Note by falsely claiming in the collection complaint he drafted and filed against Ms. Noe and in the motion for default judgment; (ii) misrepresenting and grossly overstating the amount due in the motion for default judgment; and (iii) collecting usurious interest from Ms. Noe on behalf of Mariner that neither he nor Mariner had any legal or contractual right to collect from Ms. Noe, which violations each created a material risk of harm to the interests recognized by Congress in enacting the FDCPA.
>
> 23. The foregoing acts and omissions of James E Bruce constitute violations of the FDCPA, which violations each created a material risk of harm to the interests recognized by Congress in enacting the FDCPA. Mr. Bruce violated 15 U.S.C. § 1692e, 15 U.S.C. § 1692f, and one or more subsections of each statute.

Drawing all reasonable inferences in Plaintiff's favor, as the Court must do on a motion to dismiss, the Court finds that Plaintiff has plausibly alleged that the injury is "fairly traceable" to Defendant's conduct.  Plaintiff has plausibly alleged that filing the motion for default judgment had a "determinative effect" upon the action of the district court judge to grant Default Judgment *See Bennett v. Spear*, 520 U.S. 154, 168–69 (1997)  ("This wrongly equates injury 'fairly traceable' to the defendant with injury as to which the defendant's actions are the very last step in the chain of causation.  While, as we have said, it does not suffice if the injury complained of is the result of the independent action of some third party not before the court, that does not exclude injury

7

produced by determinative or coercive effect upon the action of someone else") (internal quotation marks, citations, and formatting omitted).

## C. Reliance on Creditor's Representations About Debt

Finally, Defendant asserts that Plaintiff's Complaint must be dismissed because "[he] is entitled to rely upon the information provided to him by Mariner Finance, including the Affidavit by which a Mariner Finance representative swore under oath that the amount owed to Mariner Finance was '$983.35 plus interest.'" [DE 6 at 58]. Plaintiff argues that Defendant may rely on the information provided to him, but only if the reliance is reasonable, and Defendant's reliance was "not just unreasonable, it is reckless and legal malpractice." [DE 7 at 138].

Defendant asserts that Mariner represented to him that Plaintiff owed "$983.35 plus interest." [DE 6 at 58]. But Defendant did not state in his motion for default judgment that Plaintiff owed "$983.35 plus interest." Rather, he stated:

> Based on the affirmation attached to the complaint filed in this action, the Plaintiff moves the Court for an entry of default judgment against the Defendant, JEANNIE NOE, plus costs, together with interest that accrues at the rate of 36.0000% set forth in the note.

[DE 1 at 3].

It is unclear to the Court whether saying Plaintiff owes "$983.35 plus interest" is the same as saying Plaintiff owes "interest that accrues at the rate of 36.0000% set forth in the note." Plaintiff does not seem to think so. [DE 7 at 139 ("Mariner's representation that Ms. Noe owed Mariner '$983.35 plus interest' does not provide a reasonable factual basis to conclude that Mariner represented that the Regency Note provided for a contractual rate of interest 36.00% per annum")]. So the issue here seems to be less about reliance and more about whether Defendant had a right to seek simple-interest under Kentucky law and the terms of the Loan Note. Plaintiff does not allege that Mariner provided Defendant with erroneous information, but rather that

8

Defendant violated the FDCPA because he sought something he was not entitled to seek and misrepresented that he had a right to do so. [DE 1 at 2-6].

15 U.S.C. § 1692k(c) provides that "[a] debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." Questions about whether Defendant is shielded from liability for the alleged violations pose question of fact inappropriate for resolution on a motion to dismiss. *See Smith v. Transworld Sys., Inc.*, 953 F.2d 1025, 1032 (6th Cir. 1992) (affirming grant of summary judgment and finding that because "the appellee employs procedures reasonably adapted to prevent errors in amounts referred for collection, Transworld reasonably relied on the accuracy of Ryder's $456.21 debt figure; the resulting mistake was bona fide error pursuant to 15 U.S.C. § 1692k(c)"); *see, e.g., Werbicky v. Green Tree Servicing, LLC*, No. 212CV01567JADNJK, 2016 WL 1248697, at *11 (D. Nev. Mar. 28, 2016) ("Debt collectors are permitted to 'reasonably rely' on the information provided them by creditors. Whether it was 'reasonable' for Green Tree to rely on RBS Citizens under the circumstances here is a question of fact").

## IV. CONCLUSION

Having thus considered the parties' filings and the applicable law, and being otherwise sufficiently advised, the Court **ORDERS AS FOLLOWS**:

(1) Defendant's Motion to Dismiss Plaintiff's Complaint [DE 6] is **DENIED.**

Rebecca Grady Jennings, District Judge
United States District Court

September 30, 2021

9